# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

CULLIN COLEMAN III                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14CV-P303-S

MARK BOLTON *et al.*                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Cullin Coleman III, a convicted inmate incarcerated at the Jefferson County Jail,
filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before
the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v.
Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549
U.S. 199 (2007). For the reasons that follow, the Court will dismiss the official-capacity claims
and allow Plaintiff to file an amended complaint with respect to his excessive-force claim.

## I. SUMMARY OF CLAIMS

As Defendants, Plaintiff names Jefferson County Jail Director Mark Bolton;[1] Dwight
Clark, an employee of the jail; and Jail Officer Vetter. He sues Defendants Bolton and Clark in
their individual and official capacities and fails to specify in which capacity he sues Defendant
Vetter. Plaintiff alleges that his constitutional rights were violated as follows:

> A officer at Jefferson County Jail came into my dorm and grabbed me with
> intense force[] bending my arm until my shoulder poped. After almost breaking
> my arm then I was threw into the wall in the hallway of the basement hitting my
> head against the wall[] still with my arm bent behind my head he continued
> useing force against me. I had did nothing for this to happen to me, a officer at
> the scene is telling the whole time to let me go he's not the guy we have them 2
> guys in cuffs right here still the officer would not let go.

---

[1] Plaintiff spells this Defendant's last name "Bolten." The Court takes judicial notice that the
last name of the Director of Metro Corrections is "Bolton" and will use that spelling.

Plaintiff alleges that he was denied "Doctor assistance" but states that the nurse took pictures of his injuries and gave him pain medicine. Plaintiff reports that the case worker at the jail will not give him the incident report so that he can get the name of the officer who assaulted him. As relief, Plaintiff requests money damages and that the officer responsible be laid off without pay.

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### A.  Defendants Bolton and Clark

#### 1.  Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against Defendants Bolton and Clark, therefore, are actually against the Louisville Metro Government.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir.

3

2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint or its amendment demonstrates that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability

against the municipality and fails to state a cognizable § 1983 claim. Therefore, the official-capacity claims against Defendants Bolton and Clark will be dismissed.

### 2. Individual-capacity claims

The complaint contains no factual allegations against Defendants Bolton or Clark. Some factual basis for a plaintiff's claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendants Bolton and Clark.

To the extent Plaintiff seeks to hold Defendant Bolton liable based on his supervisory position as Director, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th

Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Bolton was directly involved in any of the alleged

wrongdoing.

For these reasons, Plaintiff fails to state an individual-capacity claim against either

Defendant Bolton or Clark.

### B. Defendant Vetter

Plaintiff failed to state the capacity in which he sues Defendant Vetter. Individual-

capacity "suits seek to impose personal liability upon a government official for actions he takes

under color of state law." *Kentucky v. Graham*, 473 U.S. at 165. As stated above, "[o]fficial-

capacity suits, in contrast, 'generally represent only another way of pleading an action against an

entity of which an officer is an agent.'" *Id.* "[Section] 1983 plaintiffs must clearly notify

defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769,

773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in

the complaint, we then look to the course of proceedings" to ascertain whether the defendant has

been notified of the potential for personal liability. *Id.*

The Court finds that the complaint contains no indication that Plaintiff intends to impose

individual liability on Defendant Vetter. The Court, therefore, will **not** construe this action as

asserting an individual-capacity claim against him. An official-capacity claim against Defendant

Vetter will be dismissed for his failure to allege a municipal policy or custom that resulted in his

alleged harm. *Alkire v. Irving*, 330 F.3d at 815.

### C. Amendment

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). While Plaintiff alleges that an "Officer at Jefferson County Jail" used excessive force against him, he fails to sue a John Doe/Unknown Officer as a Defendant, and he does not allege what part, if any, that named Defendants Bolton, Clark, and Vetter played in the incident as he fails to state any facts against them. The Court, therefore, will allow Plaintiff to file an amended complaint. Plaintiff having failed to identify any policy or custom that was the moving force behind his alleged injuries, the Court finds that any official-capacity claim against any newly named Defendant would be futile.

## IV. <u>ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name a John Doe/Unknown Officer as a Defendant in his individual capacity, to indicate whether he wishes to sue Defendant Vetter in his individual capacity, and to state any additional facts against Defendants related to his excessive-force claim.** The **Clerk of Court is DIRECTED to write the instant case number and "Amended" on a § 1983 complaint form and send it to Plaintiff** for his completion should he wish to file an amended complaint.

**Plaintiff is WARNED that his failure to file an amended complaint within the time allotted *will result in dismissal* of the entire action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.**

Date: August 19, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4411.005